E2rQwilC

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
   UNITED STATES OF AMERICA
3
               v.                        14 CR 130 (RPP)
4
   ALLEN WILLIAMS, ROBERTO GRANT,
5  TERRELL RATLIFF, TYRONE
   DEHOYOS
6
               Defendants
7  ------------------------------x

8                                        New York, N.Y.
                                         February 27, 2014
9                                        11:15 a.m.

10

   Before:
11
                   HON. ROBERT P. PATTERSON, JR.
12                                       District Judge

13

                           APPEARANCES
14
   PREET BHARARA
15      United States Attorney for the
        Southern District of New York
16 ANDREA GRISWOLD
   RICHARD COOPER
17      Assistant United States Attorney

18 NATALI J. H. TODD
        Attorney for Defendant Ratliff
19
   JESSE SIEGEL
20      Attorney for Defendant Grant

21 KAFAHNI NKRUMAH
        Attorney for Defendant Williams
22

23 FEDERAL DEFENDERS OF NEW YORK INC.
        Attorney  for Defendant Dehoyos
24 ROBERT M. BAUM

25

                   SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

E2rQwilC

```
 1                  (In open court; case called)
 2              THE DEPUTY CLERK:  Is the government ready in this
 3     matter?
 4              MR. GRISWOLD:  Yes.  Good morning, your Honor.  Andrea
 5     Griswold and Richard Cooper for the government.
 6              MR. COOPER:  Good morning, your Honor.
 7              THE COURT:  Good morning Ms. Griswold and Mr. Cooper.
 8              THE DEPUTY CLERK:  Defendant Allen Williams ready in
 9     this matter?
10              MR. NKRUMAH:  Good morning, your Honor.  Kafahni
11     Nkrumah for Mr. Williams your Honor.  It's my understanding I
12     understand from your clerk that Mr. Williams refused to come to
13     court this morning.  After I leave this proceeding, I'm going
14     to go across the street and find out exactly what happened, but
15     I would ask this Court if this Court would reschedule
16     Mr. Williams' arraignment for March 5.
17              THE COURT:  Can't we get him in this afternoon?
18              MR. NKRUMAH:  This afternoon is fine with me, your
19     Honor.  I can do it.  It would all depend on the marshals.  I'm
20     not sure if they would be able to bring him over.
21              THE COURT:  I can order them to take him out of the
22     cell by force, if necessary.  I don't see any excuse for his
23     not appearing.
24              MR. NKRUMAH:  Your Honor, that will be fine.  I'm
25     getting ready to go across the street now to speak with him,
```

E2rQwilC

1   and this afternoon would be fine.

2          THE COURT:  All right.  Thank you, Mr. Nkrumah.

3          Then we have Roberto Grant, Mr. Siegel.

4          MR. SIEGEL:  Good morning, Judge.  Jesse Siegel for

5   Roberto Grant.  Mr. Grant is right here.

6          THE COURT:  Good morning, Mr. Siegel.  Good morning,

7   Mr. Grant.

8          And Terrell Ratliff.

9          MS. TODD:  Good morning, your Honor.  Natali Todd for

10  Mr. Ratliff, who is seated to my left.

11         THE COURT:  Thank you.  Good morning, Mr. Ratliff and

12  Ms. Todd.

13         And Tyrone Dehoyos.  Is that the way you pronounce it?

14         MR. BAUM:  Correct, your Honor.  Robert M. Baum on

15  behalf of Mr. Dehoyos.

16         THE COURT:  Good morning, Mr. Baum.  Good morning,

17  Mr. Dehoyos.

18         We will proceed to arraign the defendants who are

19  here.

20         For Roberto Grant, Mr. Siegel, have you seen a copy of

21  the indictment charging the defendant with conspiracy to commit

22  violation of Title 18 United States Code, Section 1951,

23  conspiracy to commit robbery?

24         MR. SIEGEL:  Yes, Judge.

25         THE COURT:  And also charges in Count Two, committing

E2rQwilC

a robbery on July 1, 2013; Count Three, committing a robbery on

August 3, 2013 in Richmond, Virginia; and in Count Four,

committing a robbery in Cranford, New Jersey on January 9,

2014; and Count Five, committing a robbery on January 30, 2014

in Manhattan, a jewelry store in Manhattan.

            MR. SIEGEL:  Yes, Judge, I have received a copy of the

indictment.  I have reviewed it with Mr. Grant.  We waive its

public reading, and he is prepared to enter a plea of not

guilty.

            THE COURT:  Mr. Grant, have you seen a copy of the

indictment charging you with conspiracy to commit robberies

during the period July 1, 2013 up through January 30, 2014 and

also with engaging in robberies on July 1, 2013, August 3, 2013

and January 9, 2014 and January 30, 2014?

            DEFENDANT GRANT:  Yes.

            THE COURT:  Have you discussed the indictment with

your lawyer, Mr. Siegel?

            DEFENDANT GRANT:  Yes.

            THE COURT:  Do you waive a reading of the indictment

or do you wish to have it read to you?

            DEFENDANT GRANT:  I'll waive it.

            THE COURT:  And you plead not guilty in connection

with these charges?

            DEFENDANT GRANT:  Yes.  Not guilty.

            THE COURT:  A plea of not guilty will be entered on

E2rQwilC

1   behalf of the defendant Roberto Grant.  Thank you very much.

2             MR. SIEGEL:  Thank you, Judge.

3             THE COURT:  Mr. Ratliff, Ms. Todd.

4             MS. TODD:  Yes, your Honor.

5             THE COURT:  Have you seen a copy of the indictment

6   charging the defendant with conspiracy to commit robbery

7   between July 1, 2013 and January 30, 2014 and also with a

8   robbery on July 1, 2013 of a jewelry store in Atlantic City,

9   New Jersey and charging him also in Count Three with another

10  robbery?

11            MS. TODD:  No, your Honor, he is not charged in Count

12  Three.

13            THE COURT:  He is not charged in that count?

14            MS. TODD:  He is only charged in Count One and Count

15  Two.

16            THE COURT:  Right.

17            MS. TODD:  I have received a copy of the indictment.

18  I have reviewed both counts with him; in fact, the entire

19  indictment.  We waive a public reading of the indictment, and

20  he is prepared to enter a plea of not guilty.

21            THE COURT:  Mr. Ratliff, have you seen a copy of the

22  indictment charging you in Count One with conspiracy to commit

23  robbery between July 1, 2013 through January 30, 2014 and also

24  participating in a robbery on July 1, 2013 in Atlantic City,

25  New Jersey?

E2rQwilC

1              DEFENDANT RATLIFF:  Yes.

2              THE COURT:  I'm sorry?

3              DEFENDANT RATLIFF:  Yes.

4              THE COURT:  You haven't seen it?

5              DEFENDANT RATLIFF:  I seen it.

6              THE DEPUTY CLERK:  He said yes.

7              THE COURT:  He said yes?  I'm sorry.  I got new

8    hearing aids.  I got them just this morning.

9              DEFENDANT RATLIFF:  Yes.

10             THE COURT:  All right.  Thank you.  Have you discussed

11   the charges with your lawyer, Ms. Todd?

12             DEFENDANT RATLIFF:  Yes.

13             THE COURT:  Do you wish to have the indictment read to

14   you at this time or do you waive reading of the indictment?

15             DEFENDANT RATLIFF:  I waive the reading.

16             THE COURT:  Do you wish a plea of not guilty entered

17   on your behalf at this time?

18             DEFENDANT RATLIFF:  Yes.  Yes.

19             THE COURT:  A plea of not guilty will be entered on

20   behalf of Mr. Ratliff at this time.

21             Tyrone Dehoyos, Mr. Baum.

22             MR. BAUM:  Yes, your Honor.

23             THE COURT:  Have you seen a copy of the indictment

24   charging the defendant with conspiracy to commit robberies

25   during the period July 1, 2013 to January 30, 2014, and in

E2rQwilC

```
 1   Count Four with committing a robbery on January 9, 2014 with
 2   others of a jewelry store located in Cranford, New Jersey?
 3             MR. BAUM:  I have seen the indictment.  I've discussed
 4   it with Mr. Dehoyos.  I provided him with a copy of the
 5   indictment, and we waive its public reading.
 6             THE COURT:  Mr. Dehoyos, have you seen a copy of the
 7   indictment charging you with --
 8             DEFENDANT DeHOYOS:  Yes.
 9             THE COURT:  -- conspiracy to commit robbery in Count
10   One and with engaging in a robbery in Count Four --
11             DEFENDANT DeHOYOS:  Yes.
12             THE COURT:  -- of a jewelry store in Cranford, New
13   Jersey?
14             DEFENDANT DeHOYOS:  Yes.
15             THE COURT:  And have you discussed the charges with
16   your lawyer, Mr. Baum?
17             DEFENDANT DeHOYOS:  Yes.
18             THE COURT:  Do you waive a reading of the indictment
19   or do you wish it read to you?
20             DEFENDANT DeHOYOS:  No, I waive.
21             THE COURT:  Would you like a plea of not guilty
22   entered on your behalf?
23             DEFENDANT DeHOYOS:  Yes.
24             THE COURT:  A not guilty plea will be entered on
25   behalf of Mr. Dehoyos.
```

E2rQwilC

1          All right.  Thank you very much.  When will the

2    government make the requisite discovery, Ms. Griswold?

3          MR. GRISWOLD:  Thank you, your Honor.

4          This is a robbery scheme involving a snatch-and-dash

5    crew where the group goes into robbery stores with a sledge

6    hammer, smashes display cases targeting high-end watches.  The

7    discovery in this case consists, therefore, of surveillance

8    video and still images derived from the robbery scene as well

9    as cell site information relating to the cell phones that the

10   defendants had before, during and after the robbery.

11         In addition, it also consists of search warrants that

12   are currently being executed on cell phones seized from the

13   defendants in connection with their arrest, as well as post

14   arrest statements for defendants Williams and Ratliff.

15         Today the government has produced the complaint,

16   indictment, criminal histories for each defendant as well as

17   the video and surveillance stills for all four of the robberies

18   that are charged in Counts Two through Five of the indictment.

19   We would request two weeks until March 13 to provide the

20   remaining discovery of the discovery I just outlined.

21         THE COURT:  Assuming the discovery is made by

22   March 13, how long does the defense want to review the

23   discovery now that you have heard the nature of the discovery

24   that they intend to utilize in this case?

25         MR. BAUM:  Judge, I am going to be on vacation

E2rQwilC

1  starting next week for two weeks.  I will be returning

2  March 19, so I would like probably two weeks after that to

3  review, meet with Mr. Dehoyos, and I believe my co-counsel

4  would join in that application.

5          MS. TODD:  That is correct, your Honor.

6          MR. SIEGEL:  That's fine, Judge.

7          THE COURT:  So something like April 3?

8          MR. BAUM:  That's fine, Judge.

9          THE COURT:  April 3 for motions?

10         MR. SIEGEL:  Judge, is that April 3 for motions or

11 April 3 to come back and tell you whether --

12         THE COURT:  I'm open to any suggestions.

13         MR. SIEGEL:  Judge, actually, I just noticed that I am

14 going to be on vacation April 3.  It's a short trip to

15 California.  I will be back the following week.  I'm sorry for

16 that.  I was going to suggest on that date we come back and

17 inform the Court whether or not we would be intending to file

18 motions.

19         THE DEPUTY CLERK:  April 10th at 4:00.

20         MR. SIEGEL:  That works fine for me.

21         MR. BAUM:  It's fine for me, Judge.

22         MS. TODD:  Fine for me too, Judge.

23         MR. SIEGEL:  At what time, Robert?

24         THE DEPUTY CLERK:  4:00.

25         THE COURT:  That doesn't fall in the middle of my

E2rQwilC

1    trial, does it?

2              THE DEPUTY CLERK:  No.

3              THE COURT:  April 10 at 4:00 then to advise us whether

4    there are any motions to be made and to set a trial date.  Are

5    there other things that have to be taken up this morning?

6              MR. GRISWOLD:  Unless there's anything else from the

7    defendants, the government would move for an exclusion of time

8    between now to April 4 to allow the defendants time to review

9    the discovery that's being produced today -- I'm sorry --

10   April 10, your Honor.

11             MR. BAUM:  Judge, on behalf of Mr. Dehoyos, we would

12   like to make a bail application sometime between today and next

13   Tuesday.  I am leaving next Wednesday on vacation, so subject

14   to your Honor's schedule, I am available at any time between

15   now and next Tuesday afternoon.

16             THE COURT:  All right.  You just let Mr. Monteagudo

17   know and we'll set up a time.

18             MR. BAUM:  I'll speak with the government, Judge.

19   Perhaps we can arrange something.

20             THE COURT:  Then I will exclude the time until

21   April 10 at 4:00 p.m. from calculations under the Speedy Trial

22   rule.

23             Anything else to take up?

24             MR. GRISWOLD:  Not from the government.  Thank you,

25   your Honor.

E2rQwilC

1             MR. BAUM:  Nothing further, your Honor.

2             MR. SIEGEL:  Nothing further, Judge.  Thank you.

3             (Adjourned)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25