```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA

 4              v.                             14 Cr. 130 (RPP)

 5   TERRELL RATLIFF,
                                               Plea
 6              Defendant.

 7   ------------------------------x

 8                                             New York, N.Y.
                                               July 7, 2014
 9                                             11:00 a.m.

10          APPEARANCES

11   Before:

12          HON. KEVIN NATHANIEL FOX

13                                             District Judge

14

15          APPEARANCES

16   PREET BHARARA
          United States Attorney for the
17        Southern District of New York
     RICHARD COOPER
18        Assistant United States Attorney

19
     NATALI TODD
20        Attorney for Defendant

21

22

23

24

25
```

1              (Case called)

2              THE COURT:  Counsel, please state your name for the
3    record.

4              MR. COOPER:  Good morning, your Honor.  Richard Cooper
5    for the government.

6              MS. TODD:  Good morning, your Honor.  Natali Todd for
7    Mr. Ratliff, who is also present before the Court.

8              THE COURT:  Good morning.  Is there an application on
9    behalf of the defendant?

10             MS. TODD:  Yes, your Honor.  With the Court's
11   permission, Mr. Ratliff has authorized me to withdraw his
12   previously entered plea of not guilty and enter a plea of
13   guilty to Count One of the indictment, which the conspiracy
14   count.

15             THE COURT:  Mr. Ratliff, I have before me indictment
16   14 Cr. 130, which is a multiple-count indictment.  We will be
17   focusing on Count One of the indictment.  There is charged a
18   violation of Title 18, United States Code, section 1951.

19             You have a right to have this morning's proceeding
20   presided over by a district judge.  You may, if you wish,
21   consent to have a magistrate judge preside at this morning's
22   proceeding.  In that connection I have before me a document
23   which is labeled consent to proceed before a United States
24   magistrate judge on a felony plea allocution.

25             Mr. Ortiz, will you swear the defendant, please.

1                    (Defendant sworn)

2              THE COURT:  Mr. Ratliff, I want to show you the

3    consent form about which I was speaking a moment ago.  Do you

4    recognize this document?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  Did you have an opportunity to review it

7    with your attorney?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  Is there anything contained in the consent

10   form that you do not understand?

11             THE DEFENDANT:  No, sir.

12             THE COURT:  Do you acknowledge that it explains in

13   greater detail what I mentioned to you a moment ago, about your

14   right to have this proceeding presided over by a district

15   judge, and, further, that by signing the document you are

16   agreeing that a magistrate judge may preside at this morning's

17   proceeding?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Is your true signature at the bottom of

20   the consent form?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  Did anyone force you to sign the document?

23             THE DEFENDANT:  No, sir.

24             THE COURT:  Let me turn my attention to your counsel.

25   Is your signature also on the consent form?

1           MS. TODD:  Yes.

2           THE COURT:  Very well.  I'm going to sign the
3  document, and then we will continue.

4           Mr. Ratliff, will you state your full name, please.

5           THE DEFENDANT:  Terrell Ratliff.

6           THE COURT:  Within the last 24 hours have you consumed
7  any medicine, alcohol, or drugs that would affect your ability
8  to understand what you are doing here today?

9           THE DEFENDANT:  No, sir.

10          THE COURT:  Are you under the care of a physician or
11 psychiatrist for any condition?

12          THE DEFENDANT:  No, sir.

13          THE COURT:  Have you ever been treated for alcoholism
14 or drug addiction?

15          THE DEFENDANT:  No, sir.

16          THE COURT:  Do you feel all right today?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  What is the extent of your education, sir?

19          THE DEFENDANT:  Eleventh grade.

20          THE COURT:  Sir, have you received a copy of
21 indictment S3 14 Cr. 130?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  Have you had an opportunity to review it
24 with your attorney?

25          THE DEFENDANT:  Yes, sir.


1     THE COURT:  Is there anything contained in Count One
2  of that indictment that you do not understand?
3     THE DEFENDANT:  No, sir.
4     THE COURT:  Do you wish to have Count One of the
5  indictment read to you now in open court?
6     THE DEFENDANT:  No, sir.
7     THE COURT:  Have you had sufficient opportunity to
8  speak with your attorney about the charge contained in Count
9  One of the indictment and how you wish to plead to it?
10    THE DEFENDANT:  Yes, sir.
11    THE COURT:  Are you satisfied with the assistance that
12 your attorney has rendered to you in connection with this
13 matter?
14    THE DEFENDANT:  Yes, sir.
15    THE COURT:  Are you ready plead to Count One of
16 indictment S3 14 Cr. 130?
17    THE DEFENDANT:  Yes, sir.
18    THE COURT:  What is your plea, guilty or not guilty?
19    THE DEFENDANT:  Guilty.
20    THE COURT:  Are you a United States citizen?
21    THE DEFENDANT:  Yes, sir.
22    THE COURT:  Do you understand that by pleading guilty
23 to Count One of the indictment, which is a felony offense, you
24 may be giving up certainly valuable civil rights that you
25 possess, among others the following:  The right to vote, the

right to hold public office, the right to serve on a jury, the right to possess any type of firearm, including rifles and shotguns, the right to be considered for certain types of employment, and the right to possess or obtain certain professional licenses?

THE DEFENDANT:  Yes, sir.

THE COURT:  I have to determine whether your plea of guilty is being made voluntarily and whether you understand fully the nature of the charge made in Count One of the indictment and the consequences of your plea, so I shall be asking you additional questions.  I first want to ensure that you understand the nature of the charge made against you at Count One of the indictment.

As I indicated to you earlier, the offense cited in Count One of the indictment is alleged to be a violation of Title 18, United States Code, section 1951.  It is charged in Count One of the indictment that you conspired, or agreed, with others to commit robbery, Hobbs Act robbery.

The law provides as a maximum penalty for that offense the following:  Imprisonment of 20 years, a maximum term of supervised release of 3 years, a maximum fine pursuant to Title 18, United States Code, section 3571 of the greatest of $250,000, twice the gross pecuniary gain derived from the offense or twice the gross pecuniary loss to persons other than yourself resulting from the offense, a $100 mandatory special

1  assessment.  You may also be subject to an order of
2  restitution.
3         If you are sentenced to a term of supervised release
4  and violate the terms and conditions of that supervised release
5  such that it is revoked, you expose yourself to serving in
6  prison all or part of the term of supervised release authorized
7  by statute for the offense that resulted in such term of
8  supervised release without credit for time previously served on
9  post-release supervision.
10         Sir, do you understand the nature of the charge made
11 against you in Count One of the indictment?
12         THE DEFENDANT:  Yes, sir.
13         THE COURT:  Do you also understand the range of
14 penalties, including the maximum sentence to which you are
15 potentially exposing yourself by your plea?
16         THE DEFENDANT:  Yes, sir.
17         THE COURT:  Do you understand that you have a right to
18 plead not guilty and to have a jury trial on the charge
19 contained in Count One indictment?
20         THE DEFENDANT:  Yes, sir.
21         THE COURT:  Do you understand that if you plead not
22 guilty and go to trial, the burden will be upon the government
23 to prove that you are guilty beyond a reasonable doubt?
24         THE DEFENDANT:  Yes, sir.
25         THE COURT:  Do you understand that at a trial you

1   would be presumed innocent until the government proved your
2   guilt beyond a reasonable doubt?
3           THE DEFENDANT:  Yes, sir.
4           THE COURT:  Do you understand that at such a trial and
5   at every other stage of the proceedings you would have the
6   right to be represented by an attorney, and if necessary the
7   Court would appoint an attorney to represent you?
8           THE DEFENDANT:  Yes, sir.
9           THE COURT:  Do you understand that at a trial you
10  would have the right to testify, to confront and question any
11  witnesses who might testify against you, and the right not to
12  be forced to incriminate yourself, that is, you do not have to
13  be a witness against yourself?
14          THE DEFENDANT:  Yes, sir.
15          THE COURT:  Do you also understand that at a trial you
16  would be entitled to call witnesses to testify and to compel
17  the attendance of witnesses?
18          THE DEFENDANT:  Yes, sir.
19          THE COURT:  Do you understand that if you plead
20  guilty, there will be no trial of any kind, so that you give up
21  your right to a trial, and the only remaining step will be for
22  the assigned district judge to sentence you?
23          THE DEFENDANT:  Yes, sir.
24          THE COURT:  Sir, are you certain that you understand
25  the nature of the charge to which you are pleading?

1   THE DEFENDANT:  Yes, sir.

2   THE COURT:  Are you certain that you understand the
3   range of penalties, including the maximum sentence to which you
4   are potentially subjecting yourself by your plea?

5   THE DEFENDANT:  Yes, sir.

6   THE COURT:  Do you understand that the sentencing
7   judge may be obligated to impose a special assessment upon you?

8   THE DEFENDANT:  Yes, sir.

9   THE COURT:  What are the elements of the offense set
10  forth in Count One of the indictment?

11  MR. COOPER:  Your Honor, Hobbs Act robbery conspiracy
12  has three elements:

13  First, the existence at or about the time alleged in
14  the indictment of the conspiracy to commit robbery;

15  Second, that the defendant knowingly and willfully
16  associated himself with and joined in the conspiracy; and

17  Third, that interstate or foreign commerce or an item
18  moving in interstate or foreign commerce was or would have been
19  delayed, obstructed, or affected in any way or degree.

20  The object of the conspiracy here is Hobbs Act
21  robbery, which itself has four elements:

22  First, that the defendant obtained or took or
23  attempted to obtain or take the property of another;

24  Second, that the defendant took or attempted to take
25  the property against the victim's will by actual or threatened

1 force, violence, or fear of injury, whether immediate or in the
2 future;
3       Third, that such actions actually or potentially in
4 any way or degree obstructed, delayed, or affected interstate
5 commerce; and
6       Fourth, that the defendant acted unlawfully,
7 willfully, and knowingly.
8       Thank you
9       THE COURT: Thank you.
10       Mr. Ratliff, having heard the elements of the offense
11 outlined in Count One of the indictment, is it still your
12 desire to tender a plea of guilty?
13       THE DEFENDANT: Yes, sir.
14       THE COURT: Have you and your attorney talked about
15 how the sentencing commission guidelines, which are advisory
16 only, might inform the sentence to be imposed upon you?
17       THE DEFENDANT: Yes, sir.
18       THE COURT: Do you understand that in determining the
19 sentence to be imposed upon you, the sentencing judge is
20 obligated to calculate the applicable sentencing guidelines
21 range and possible departures under the sentencing guidelines?
22       THE DEFENDANT: Yes, sir.
23       THE COURT: Do you understand that in addition to the
24 factors outlined in the sentencing commission guidelines, the
25 sentencing judge will also consider factors that are set forth

1   at 18 U.S.C. section 3553 in determining what an appropriate
2   sentence might be for you?
3               THE DEFENDANT:  Yes, sir.
4               THE COURT:  Do you understand that parole has been
5   abolished and that if you are sentenced to prison, you will not
6   be released on parole?
7               THE DEFENDANT:  Yes, sir.
8               THE COURT:  Do you understand that the answers you
9   give to me today under oath may in the future be used against
10  you in a prosecution for perjury or false statement if you do
11  not tell the truth to the Court?
12              THE DEFENDANT:  Yes, sir.
13              THE COURT:  Sir, do you still wish to plead guilty to
14  Count One of indictment S3 14 Cr. 130?
15              THE DEFENDANT:  Yes, sir.
16              THE COURT:  Have any threats been made to you by
17  anyone to influence you to plead guilty?
18              THE DEFENDANT:  No, sir.
19              THE COURT:  Have any promises been made to you
20  concerning the sentence that you will receive?
21              THE DEFENDANT:  No, sir.
22              THE COURT:  I understand that you and your attorney
23  and representatives from the government have reached certain
24  agreements and understandings in connection with your tender of
25  a plea of guilty and those agreements and understandings have

1   been reduced to a writing, specifically, a letter dated June
2   17, 2014, addressed to Natali Todd, your attorney. I have a
3   copy of that document before me, which I shall show you. Do
4   you recognize the document, sir?
5               THE DEFENDANT: Yes, sir.
6               THE COURT: Did you have an opportunity to discuss it
7   with your attorney?
8               THE DEFENDANT: Yes, sir.
9               THE COURT: Is there anything contained in the
10  document that you do not understand?
11              THE DEFENDANT: No, sir.
12              THE COURT: As part of the indictment, there is a
13  forfeiture allegation associated with Count One of the
14  indictment through which the government has indicated that it
15  will seek to recoup from you the proceeds of illegal conduct
16  that is associated with Count One of the indictment. Are you
17  aware of the forfeiture allegation pertinent to Count One of
18  the indictment being part of the indictment?
19              THE DEFENDANT: Yes, sir.
20              THE COURT: There is text in the June 17, 2014,
21  writing about which I was speaking a moment ago through which
22  you admit the forfeiture allegation which I drew to your
23  attention just moments ago. Are you aware that such text is
24  part of the June 17, 2014 writing, sir?
25              THE DEFENDANT: Yes, sir.

1  THE COURT:  There is also in the June 17, 2014,
2 writing an analysis of how the sentencing commission guidelines
3 might affect the sentence to be imposed upon you.  Are you
4 aware of that, sir?
5  THE DEFENDANT:  Yes, sir.
6  THE COURT:  Do you understand that notwithstanding the
7 analysis of the guidelines in the June 27, 2014 writing, the
8 impact, if any, that the sentencing commission guidelines may
9 have on the sentence to be imposed upon you is left solely to
10 the sentencing judge?
11  THE DEFENDANT:  Yes, sir.
12  THE COURT:  There is also text in the June 17, 2014,
13 writing which constricts your ability to appeal from or
14 collaterally attack the judgment of conviction or sentence that
15 might be imposed upon you.  Are you aware of that, sir?
16  THE DEFENDANT:  Yes, sir.
17  THE COURT:  There is also language in that June 17,
18 2014, the document that constricts your ability to seek a
19 sentence modification pursuant to Title 18, United States Code,
20 section 3582(c).  Are you aware of that, sir?
21  THE DEFENDANT:  Yes, sir.
22  THE COURT:  Let me show you the last page of the June
23 17, 2014 writing.  Is your true signature on that page, sir?
24  THE DEFENDANT:  Yes, sir.
25  THE COURT:  Did anyone force you to sign the document?

1             THE DEFENDANT:  No, sir.

2             THE COURT:  Let me turn my attention to your counsel
3    once again.

4             Is your signature also on the last page of the
5    document?

6             MS. TODD:  Yes, your Honor.

7             THE COURT:  Has the representative from the government
8    also signed the document?

9             MR. COOPER:  Yes, your Honor.

10            THE COURT:  Mr. Ratliff, under the understandings and
11   agreements that you and your attorney and representatives of
12   the government made as outlined in the June 17, 2014, writing
13   about which we have been speaking, have any other agreements or
14   understandings been made or reached with you in connection with
15   your tender of a plea of guilty?

16            THE DEFENDANT:  No, sir.

17            THE COURT:  Sir, is your plea being made voluntarily,
18   that is, of your own free will?

19            THE DEFENDANT:  Yes, sir.

20            THE COURT:  Did you commit the offense that is
21   outlined in Count One of the indictment?

22            THE DEFENDANT:  Yes, sir.

23            THE COURT:  Would you tell me in your own words what
24   it is that you did that makes you believe yourself guilty of
25   the offense set forth at Count Within of indictment S3 14 Cr.

1   130.

2              THE DEFENDANT:  I agreed with others to commit a
3   robbery on July 1, 2013, in Atlantic City, New Jersey, at the
4   Borgata Hotel.  I stole merchandise at the time I committed
5   this crime.  I know I was breaking the law.

6              THE COURT:  The robbery that you indicated you agreed
7   with others to commit in New Jersey to steal merchandise, where
8   was the robbery that was the subject of that agreement?  What
9   type of establishment, if any, was it?

10             THE DEFENDANT:  A watch store.

11             THE COURT:  What was the merchandise to which you were
12  making reference a few moments ago that was the subject of the
13  robbery that you were speaking about?

14             THE DEFENDANT:  Rolex watches.

15             THE COURT:  What connection is there to this judicial
16  district that prompts the grand jury to return the charge
17  against the defendant as outlined in Count One?

18             MS. TODD:  Your Honor, a number of overt acts in
19  furtherance of the conspiracy took place in the Southern
20  District of New York, including the preparation for and
21  planning of various of the robberies, including this July 1,
22  2013, robbery in Atlantic City.

23             THE COURT:  Mr. Ratliff, do you concede, as the
24  government's representative just indicated, that there were
25  overt acts committed in furtherance of the conspiracy described

1  in Count One of the indictment that occurred within the
2  Southern District of New York?
3           THE DEFENDANT:  Yes, sir.
4           THE COURT:  Are there any questions the government
5  would have me put to the defendant?
6           MR. COOPER:  Nothing.  Thank you, your Honor.
7           Your Honor, I would note for the record that at trial
8  the government would establish that the watches that were taken
9  in connection with the robbery in Atlantic City had moved in
10 interstate commerce, so interstate commerce was affected or
11 delayed.
12          THE COURT:  Ms. Todd, are you aware of any reason why
13 your client should not plead guilty?
14          MS. TODD:  I am not, your Honor.
15          THE COURT:  Is the government aware of any reason why
16 the defendant should not plead guilty?
17          MR. COOPER:  We are not, your Honor.
18          THE COURT:  If the matter were to proceed to trial,
19 what evidence would the government offer in support of the
20 charge made at Count One of the indictment?
21          MR. COOPER:  Your Honor, at trial the government would
22 introduce evidence including the testimony of law enforcement
23 witnesses who investigated the robbery conspiracy in this
24 Atlantic City jewelry store robbery.  We would introduce the
25 testimony of the victims of the robbery as well as physical

1   evidence, including the defendant's DNA which was retrieved
2   from the scene of the robbery.
3            THE COURT:  Thank you.
4            I am satisfied that Mr. Ratliff understands the nature
5   of the charge made against him in Count One of the indictment.
6   I am also satisfied that his plea is being made voluntarily and
7   knowingly and that there is a factual basis for the plea.  I
8   shall report and recommend to the assigned district judge that
9   the plea be accepted.
10           I am going to direct that a pre-sentence report be
11  prepared prior to the date of sentence.  I am going to fix a
12  sentencing date.  The parties are to contact the assigned
13  district judge to determine whether that date is agreeable to
14  his calendar.  I shall fix the 7th day of October 2014 as the
15  sentencing date.
16           In connection with the preparation of the pre-sentence
17  report, the government should provide its case summary to the
18  probation department within 14 days, and the defendant and his
19  counsel should make arrangements to be interviewed by the
20  probation department within 14 days.  I shall direct the
21  government to obtain a transcript of the minutes generated
22  during this proceeding and present same to the assigned
23  district judge before the date of sentence.
24           Is there any request with respect to bail conditions?
25           MR. COOPER:  Your Honor, the defendant is currently

1  detained. The government would request a continuation of
2  detention.
3           THE COURT: What is the defendant's position on the
4  application?
5           MS. TODD: No objection.
6           THE COURT: The application is granted. Is there
7  anything else that we need to address?
8           MR. COOPER: No. Thank you, your Honor.
9           MS. TODD: Thank you, your Honor. Nothing from the
10 defense.
11          (Adjourned)