```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
                                                        :
   UNITED STATES OF AMERICA                             :
                                                        :
                    - v. -                              :
                                                        :   14 Cr. 130 (RPP)
   TERRELL RATLIFF,                                     :
                                                        :
                    Defendant.                          :
                                                        :
------------------------------------------------------------------------------X
```

# SENTENCING SUBMISSION

 

        PREET BHARARA
        United States Attorney for the
        Southern District of New York
        One St. Andrew's Plaza
        New York, New York 10007

Richard A. Cooper
Andrea M. Griswold
Assistant United States Attorneys
- Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X
                                                          :
    UNITED STATES OF AMERICA                              :
                                                          :
                - v. -                                    :
                                                          :    14 Cr. 130 (RPP)
    TERRELL RATLIFF,                                      :
                                                          :
                         Defendant.                       :
                                                          :
------------------------------------------------------------------------------------X
```

## THE GOVERNMENT'S SENTENCING SUBMISSION

Terrell Ratliff (the "defendant," or "Ratliff") is scheduled to be sentenced in this matter on October 23, 2014, at 11:30 a.m. The Government respectfully submits this memorandum in advance of the sentencing and in response to the defendant's memorandum, dated October 3, 2014 ("Def. Mem."), in which the defendant requests that the Court impose a sentence of imprisonment below the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range of 33 to 41 months. For the reasons explained below, the Government respectfully submits that a sentence of imprisonment within the Guidelines range would be appropriate.

**A.     Factual Background**

The defendant was a member of a violent robbery crew that targeted jewelry stores up and down the East Coast of the United States and used violence, force, and intimidation to rob jewelry stores. As described in the Presentence Investigation Report, dated September 24, 2014 ("PSR"), the defendant and his co-conspirators entered jewelry stores during business hours when customers and employees were present, targeted high-end watch display cases in side those jewelry stores, removed concealed hammers and smashed the display cases. PSR ¶ 18. The

robbers grabbed as many watches as they were able and then fled from the stores, into waiting cars.  PSR ¶ 18.

Ratliff participated in one of the charged robberies.  On July 1, 2013, Ratliff and at least two other individuals entered the Bernie Robbins Jewelers store, located in the Borgata Hotel and Casino in Atlantic City, smashed display cases, and fled with approximately $200,000 in high-end watches.  PSR ¶ 19.  Ratliff left his DNA on the broken glass in the display case.  PSR ¶ 19.

**B.**     **Procedural History**

Ratliff and three co-defendants were charged by complaint with conspiracy to commit Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951, and Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2.  An indictment was filed, containing the same charges against Ratliff, on February 24, 2014.  On July 7, 2014, Ratliff pled guilty before the Honorable Kevin Nathaniel Fox, United States Magistrate Judge, to Count One of Indictment S3 14 Cr. 130 (RPP), which charged him with conspiracy to commit Hobbs Act robbery.

**C.**     **The Presentence Investigation Report and Guidelines Sentence Recommendation**

The Government has reviewed the PSR submitted by the United States Probation Department ("Probation") and has no objections.

Pursuant to U.S.S.G. §§ 2B3.1, Probation calculates the defendant's adjusted offense level to be 22.  (PSR ¶¶ 31-37).  Pursuant to U.S.S.G. §§ 3E1.1(a) and (b), a three-level reduction is warranted based on the defendant's acceptance of responsibility and timely notification of an intention to plead guilty.  (PSR ¶¶ 39-40). Accordingly, the defendant's total offense level is 19.  (PSR ¶ 41).

Probation computes a total of two criminal history points based on the defendant's criminal history. (PSR ¶ 44). Accordingly, the defendant is in criminal history category II. (PSR ¶ 45). As a result, the defendant's anticipated Guidelines sentencing range is 33 to 41 months of imprisonment.

## DISCUSSION

**A.     Applicable Law**

The United States Sentencing Guidelines still provide strong guidance to the Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). Although Booker held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. Booker, 543 U.S. at 264. As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (2) the four legitimate purposes of sentencing, as set forth below, see id. § 3553(a)(2); (3) "the kinds of sentences available," id. § 3553(a)(3); (4) the Guidelines range itself, see id. § 3553(a)(4); (5) any relevant policy statement by the Sentencing Commission, see id. § 3553(a)(5); (6) "the need to avoid unwarranted sentence disparities among defendants," id. § 3553(a)(6); and (7) "the need to provide restitution to any victims," id. § 3553(a)(7). See Gall, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

3

      (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
      (B)    to afford adequate deterrence to criminal conduct;
      (C)    to protect the public from further crimes of the defendant; and
      (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

**B.**    **A Guidelines Sentence is Appropriate**

The Government respectfully submits that an application of the factors set forth in 18 U.S.C. § 3553(a) to this case weigh in favor of a sentence within the applicable Guidelines range in order to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and to afford adequate deterrence to criminal conduct.

<u>**First,**</u> a Guidelines sentence is appropriate to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. 18 U.S.C. § 3553(a)(2). The crime is a serious one, and involved the use of force and intimidation. Ratliff and his co-conspirators entered a jewelry store located in a crowded casino, during business hours. They carried concealed weapons—their hammers—and used those weapons to smash the glass display cases. They grabbed as many watches as they were able to, and then fled from the store into cars waiting in a nearby parking garage. The conduct of Ratliff and the other robbers carried with it the substantial possibility that a store employee or customer would be seriously injured with a hammer or shattered glass, by one of the robbers, or by a store security guard. Indeed, in one of the other robberies in this conspiracy, one of the robbers shot the jewelry store owner with a handgun, and in yet another of the robberies in this conspiracy, one of the robberies used a stun gun to knock out a store employee. While the defendant is not alleged to have participated in either of those two robberies, the serious harm that ensued is indicative of the inherently dangerous nature of committing a robbery such as the one Ratliff committed.

These factors all indicate that a Guidelines sentence of imprisonment is necessary to reflect the very serious nature of the offense.

**Second,** a Guidelines sentence is necessary to adequately deter criminal conduct.  18 U.S.C. § 3553(a)(2).  The members of this conspiracy apparently had little difficulty recruiting Ratliff to take part in this robbery.  Defense counsel suggests that Ratliff was "assured that no one would get hurt" in the robbery, and participated in order to earn "easy money."  See Def. Mem. at 5.  This fact speaks strongly to the need for a substantial sentence of imprisonment for deterrence purposes.  Robberies of crowded stores should not be considered "easy money."  Moreover, while defense counsel asserts that Ratliff only learned the plan for robbing the store "within minutes of his arrival," see Def. Mem. at 5, Ratliff carried through with the plan.  The nature of the plan to rob this jewelry store—where hammers were used and glass cases were smashed—makes it implausible that any of the robbers reasonably could have believed that no one was likely to get hurt.  Accordingly, a sentence of imprisonment within the Guidelines range is necessary to deter this defendant, and others, from criminal conduct.[1]

---

[1] Defense counsel suggests that Ratliff is facing a mandatory sentence of at least five years in connection with his open New York state case for attempted robbery in the first degree, and asks the Court to consider that sentence in fashioning a sentence in the instant case.  See Def. Mem. at 13.  While the Government understands that the New York state case (which relates to the attempted robbery of a Tourneau jewelry store in Manhattan in November 2013) involves a similar plan as the instant robbery conspiracy, and may have involved overlapping defendants, that case was not charged as part of the instant conspiracy.  Accordingly, the Government respectfully submits that the Court should sentence the defendant in connection with his conduct in this case.

## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the applicable Guidelines range of 33 to 41 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Dated: New York, New York
October 21, 2014

                                        Respectfully submitted,

                                        PREET BHARARA
                                        United States Attorney

                          By:   /s/ Richard Cooper
                              Richard A. Cooper
                              Andrea M. Griswold
                              Assistant United States Attorneys
                              Tel.: (212) 637-1027/1205