UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
                                                                              :
 UNITED STATES OF AMERICA                                                     :
                                                                              :
          - v. -                                                              :
                                                                              :   14 Cr. 130 (RPP)
 ROBERTO GRANT,                                                               :
                                                                              :
                       Defendant.                                             :
                                                                              :
------------------------------------------------------------------------------X

# SENTENCING SUBMISSION

                                        PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York
                                        One St. Andrew's Plaza
                                        New York, New York 10007

Richard A. Cooper
Assistant United States Attorney
- Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
                                                                              :
   UNITED STATES OF AMERICA                                                   :
                                                                              :
                        - v. -                                                :
                                                                              :           S2 14 Cr. 130 (RPP)
   ROBERTO GRANT,                                                             :
                                                                              :
                                 Defendant.                                   :
                                                                              :
------------------------------------------------------------------------------X
```

## THE GOVERNMENT'S SENTENCING SUBMISSION

Roberto Grant (the "defendant," or "Grant") is scheduled to be sentenced in this matter on January 13, 2015, at 2:00 p.m. The Government respectfully submits this memorandum in advance of the sentencing and in response to the defendant's memorandum, dated December 29, 2014 ("Def. Mem."), in which the defendant requests that the Court impose a sentence of imprisonment of 120 moths, which is below the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range of 151 to 188 months. For the reasons explained below, the Government respectfully submits that a sentence of imprisonment within the Guidelines range would be appropriate.

### A.     Factual Background

The defendant was a member of a violent robbery crew that targeted jewelry stores up and down the East Coast of the United States and used violence, force, and intimidation to rob jewelry stores. As described in the Presentence Investigation Report, dated November 18, 2014 ("PSR"), the defendant and his co-conspirators entered jewelry stores during business hours when customers and employees were present, targeted high-end watch display cases inside those jewelry stores, removed concealed hammers and smashed the display cases. PSR ¶ 22. The

robbers grabbed as many watches as they were able and then fled from the stores into waiting cars. PSR ¶ 22.

Pursuant to a plea agreement, Grant pled guilty to his involvement in conspiring to commit and committing five robberies. First, on July 1, 2013, Grant and at least two other individuals entered the Bernie Robbins Jewelers store, located in the Borgata Hotel and Casino in Atlantic City, smashed display cases, and fled with approximately $200,000 in high-end watches. PSR ¶ 23. The force that the robbers used was violent enough that two defendants were cut and left their blood on those broken display cases. PSR ¶ 23.

Second, on August 3, 2013, Grant and three other individuals went to the Schwarzschild's Jewelers store in Richmond, Virginia in the middle of the afternoon. PSR ¶ 24. With several store employees and customers present, the robbers smashed display cases, and fled with over $100,000 in high-end watches. PSR ¶ 24. During the course of this robbery, one of Grant's co-conspirators approached a female store employee—who was not resisting the robbery—and used a handheld stun gun to knock her out. PSR ¶ 24.

Third, on November 6, 2013, Grant and at least four other individuals went to Reid and Son jewelry store in New Canaan, Connecticut, and tried to gain entry to the store. PSR ¶ 25. When a store employee refused to let them in, three of the robbers used a hammer to break the glass storefront window, stole approximately $55,000 in watches, and fled. PSR ¶ 25.

Fourth, on January 19, 2014, Grant and at least two other individuals went to Martin Jewelers in Cranford, New Jersey. PSR ¶ 26. One of the robbers smashed the display case and the robbers fled with approximately $36,000 in watches. PSR ¶ 26. During the course of the robbery, one of the store employees fired a gun at the robbers, which caused them to flee.

Fifth, on January 30, 2014, Grant and his co-conspirators robbed the Cartier jewelry store on Fifth Avenue in Manhattan, New York. PSR ¶ 30. The robbers smashed display cases, grabbed more than $700,000 in watches, and fled. PSR ¶ 31. The defendant was arrested later the same day, wearing one of the watches stolen from the Cartier store. PSR ¶ 31.

**B.     Procedural History**

Grant was charged by complaint with conspiracy to commit Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951, and Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2. An indictment and a superseding indictment were filed, charging Grant with conspiracy to commit Hobbs Act robbery, and five counts of Hobbs Act robbery. On August 28, 2014, Ratliff pled guilty before the Honorable James L. Cott, United States Magistrate Judge, to Count One of Indictment S2 14 Cr. 130 (RPP), which charged him with conspiracy to commit Hobbs Act robbery.

**C.     The Presentence Investigation Report and Guidelines Sentence Recommendation**

The Government has reviewed the PSR submitted by the United States Probation Department ("Probation") and has no objections.

Probation calculates the defendant's adjusted offense level to be 32, both under the Guidelines provisions applicable to his robbery offense and the Guidelines provisions applicable to Career Offenders. (PSR ¶¶ 49-89). Pursuant to U.S.S.G. §§ 3E1.1(a) and (b), a three-level reduction is warranted based on the defendant's acceptance of responsibility and timely notification of an intention to plead guilty. (PSR ¶¶ 90-91). Accordingly, the defendant's total offense level is 29. (PSR ¶ 41).

Probation computes a total of 14 criminal history points based on the defendant's criminal history. (PSR ¶ 105). Accordingly, the defendant is in criminal history category VI, both as a result of his criminal history points and as a result of his status as a Career Offender

3

under the Guidelines.  (PSR ¶ 105).  As a result, the defendant's anticipated Guidelines sentencing range is 151 to 188 months of imprisonment.

## DISCUSSION

**A.     Applicable Law**

The United States Sentencing Guidelines still provide strong guidance to the Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).  Although Booker held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing.  Booker, 543 U.S. at 264.  As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark."  Gall v. United States, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (2) the four legitimate purposes of sentencing, as set forth below, see id. § 3553(a)(2); (3) "the kinds of sentences available," id. § 3553(a)(3); (4) the Guidelines range itself, see id. § 3553(a)(4); (5) any relevant policy statement by the Sentencing Commission, see id. § 3553(a)(5); (6) "the need to avoid unwarranted sentence disparities among defendants," id. § 3553(a)(6); and (7) "the need to provide restitution to any victims," id. § 3553(a)(7).  See Gall, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B)     to afford adequate deterrence to criminal conduct;

>    (C)  to protect the public from further crimes of the defendant; and
>    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

**B.    A Guidelines Sentence is Appropriate**

The Government respectfully submits that an application of the factors set forth in 18 U.S.C. § 3553(a) to this case weigh in favor of a sentence within the applicable Guidelines range in order to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and to afford adequate deterrence to criminal conduct.  The defendant was a key member of a violent robbery crew that targeted crowded stores during daylight hours, and carefully planned and executed violent robberies using weapons to accomplish their objectives.

**First,** a Guidelines sentence is appropriate to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.  18 U.S.C. § 3553(a)(2).  The crime is a serious one, and involved the use of force and intimidation.  Grant and his co-conspirators entered jewelry stores during business hours, including two stores that are located in crowded casinos.  They carried concealed weapons—their hammers—and used those weapons to smash the glass display cases.  They grabbed as many watches as they were able to, and then fled from the stores.  The conduct of Grant and the other robbers carried with it the substantial possibility that a store employee or customer would be seriously injured with a hammer or shattered glass, by one of the robbers, or by a store security guard.

Indeed, two of the robberies involved such conduct.  As described above, during the robbery of a jewelry store located in Richmond, Virginia—a robbery that Grant participated in—one of the robbers used a stun gun to knock out a store employee.  In another robbery in which

5

Grant participated, in Cranford, New Jersey, one of the store employees fired a gun at the robbers in order to stop the robbery. Both of these robberies make clear the serious harm that can occur—and, in Richmond, that did occur—when individuals commit violent robberies in the middle of the day in crowded stores.

**Second,** a Guidelines sentence is necessary to adequately deter criminal conduct. 18 U.S.C. § 3553(a)(2). The defendant has eight prior criminal convictions, including four convictions for robbery. Three of those robberies were at gunpoint, and in one of those robberies, the defendant and his accomplices forcibly removed a security guard's firearm during the course of the robbery. The defendant has been sentenced to increasing terms of imprisonment for his crimes, culminating in a 120 month sentence for his last conviction, for armed robbery in 2004. The defendant's criminal conduct has been escalating, and the escalating terms of imprisonment thus far have not deterred him from committing violent crimes.

In this regard, defense counsel requests that the Court sentence the defendant to a term of imprisonment of 120 months, which is the same sentence he received for his robbery conviction in 2004. However, that sentence did not deter the defendant, and he went on after his release from that term of imprisonment to commit multiple robberies as a member of the instant conspiracy. The Government respectfully submits that prior terms of imprisonment have not been sufficient to deter the defendant from criminal conduct.

The defendant argues that his personal circumstances after being released from his last period of incarceration—including being a father—makes it more likely that a 120 month sentence would have a deterrent effect. See Def. Memo. at 7. However, it bears noting that the defendant participated in the string of robberies that resulted in the instant conviction after being released from his last period of incarceration.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence within the applicable Guidelines range of 151 to 188 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Dated: New York, New York
January 12, 2015

                                       Respectfully submitted,

                                       PREET BHARARA
                                       United States Attorney

                              By:  /s/ Richard Cooper
                                       Richard A. Cooper
                                       Assistant United States Attorney
                                       Tel.: (212) 637-1027