UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X
   UNITED STATES OF AMERICA

              - v. -                                      S3 14 Cr. 130 (RPP)

   ALLEN WILLIAMS,

                  Defendant.
------------------------------------------------------------------------------------X

## SENTENCING SUBMISSION

                                                   PREET BHARARA
                                                   United States Attorney for the
                                                   Southern District of New York
                                                   One St. Andrew's Plaza
                                                   New York, New York 10007

Richard A. Cooper
Assistant United States Attorney
- Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X
                                                         :
 UNITED STATES OF AMERICA                                :
                                                         :
              - v. -                                     :
                                                         :     S3 14 Cr. 130 (RPP)
 ALLEN WILLIAMS,                                         :
                                                         :
                       Defendant.                        :
                                                         :
------------------------------------------------------------------------------------X
```

## THE GOVERNMENT'S SENTENCING SUBMISSION

Allen Williams (the "defendant," or "Williams") is scheduled to be sentenced in this matter on March 18, 2015, at 3:00 p.m.  The Government respectfully submits this memorandum in advance of the sentencing and in response to the defendant's memorandum, dated March 13, 2015 ("Def. Mem."), in which the defendant requests that the Court impose a sentence of imprisonment "substantially below" the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range of 108 to 135 months.  For the reasons explained below, the Government respectfully submits that a sentence of imprisonment within the Guidelines range would be appropriate.

**A.     Factual Background**

The defendant was a member of a violent robbery crew that targeted jewelry stores up and down the East Coast of the United States and used violence, force, and intimidation to rob jewelry stores.  As described in the Presentence Investigation Report, dated March 10, 2015 ("PSR"), the defendant and his co-conspirators entered jewelry stores during business hours when customers and employees were present, targeted high-end watch display cases inside those jewelry stores, removed concealed hammers and smashed the display cases.  PSR ¶ 23.  The

1

robbers grabbed as many watches as they were able and then fled from the stores into waiting cars.  PSR ¶ 23.

Pursuant to a plea agreement, Williams pled guilty to his involvement in conspiring to commit and committing four robberies.  First, on July 1, 2013, Williams and at least two other individuals entered the Bernie Robbins Jewelers store, located in the Borgata Hotel and Casino in Atlantic City, used concealed hammers to smash display cases, and fled with approximately $200,000 in high-end watches.  PSR ¶ 24.  The force that the robbers used was violent enough that Williams and co-defendant Terrell Ratliff cut their hands and left their blood on those broken display cases.  PSR ¶ 24.

Second, on August 3, 2013, Williams and three other individuals went to the Schwarzschild's Jewelers store in Richmond, Virginia in the middle of the afternoon.  PSR ¶ 25.  With several store employees and customers present, the robbers smashed display cases using hammers, and fled with over $100,000 in high-end watches.  PSR ¶ 25.  During the course of this robbery, one of the robbers approached a female store employee—who was not resisting the robbery—and used a handheld stun gun to knock her out.  PSR ¶ 25.

Third, on November 6, 2013, Williams and at least four other individuals went to Reid and Son jewelry store in New Canaan, Connecticut, and tried to gain entry to the store.  PSR ¶ 26.  When a store employee refused to let them in, three of the robbers used a hammer to break the glass storefront window, stole approximately $55,000 in watches, and fled.  PSR ¶ 26.

Fourth, on January 30, 2014, Williams and his co-conspirators robbed the Cartier jewelry store on Fifth Avenue in Manhattan, New York.  PSR ¶ 31.  The robbers smashed display cases, grabbed more than $700,000 in watches, and fled.  PSR ¶ 31.  The defendant was arrested later the same day, wearing one of the watches stolen from the Cartier store.  PSR ¶ 32.

In addition, on January 19, 2014, other members of this robbery crew committed a robbery of Martin Jewelers in Cranford, New Jersey. PSR ¶ 27. One of the robbers smashed the display case and the robbers fled with approximately $36,000 in watches. PSR ¶ 27. During the course of the robbery, one of the store employees fired a gun at the robbers, which caused them to flee. Williams was not present during this robbery, but prior to the robbery, Williams lent his car to another member of the robbery crew, who used the car as a getaway vehicle in the commission of this January 19, 2014 robbery.

**B.    Procedural History**

Williams was charged by complaint with conspiracy to commit Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951, and Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2. An indictment and a superseding indictment were filed, charging Williams with conspiracy to commit Hobbs Act robbery and Hobbs Act robbery. On October 14, 2014, Williams pled guilty before the Honorable Debra Freeman, United States Magistrate Judge, to Count One of Indictment S3 14 Cr. 130 (RPP), which charged him with conspiracy to commit Hobbs Act robbery.

**C.    The Presentence Investigation Report and Guidelines Sentence Recommendation**

The Government has reviewed the PSR submitted by the United States Probation Department ("Probation") and has no objections.

Probation calculates the defendant's adjusted offense level to be 32, under the Guidelines provisions applicable to his robbery offense. (PSR ¶¶ 48-88). Pursuant to U.S.S.G. §§ 3E1.1(a) and (b), a three-level reduction is warranted based on the defendant's acceptance of

responsibility and timely notification of an intention to plead guilty.  (PSR ¶¶ 90-91).  Accordingly, the defendant's total offense level is 29.  (PSR ¶ 92).[1]

Probation computes a total of 6 criminal history points based on the defendant's criminal history.  (PSR ¶ 98).  Accordingly, the defendant is in criminal history category III.  (PSR ¶ 98).  As a result, the defendant's anticipated Guidelines sentencing range is 108 to 135 months of imprisonment.

### DISCUSSION

**A.     Applicable Law**

The United States Sentencing Guidelines still provide strong guidance to the Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).  Although Booker held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing.  Booker, 543 U.S. at 264.  As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark."  Gall v. United States, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (2) the four

---

[1] Probation included the January 19, 2014 robbery of the jewelry store in Cranford, New Jersey as a separate group that is included in the Guidelines calculation.  (PSR ¶¶ 72-78).  That robbery is not included in the plea agreement in this case.  However, the Guidelines offense level calculations are the same in the PSR, which includes the January 19, 2014 robbery, and the plea agreement, which does not.
While the Government does not believe the January 19, 2014 should be counted as a separate group and included in the Guidelines calculation, the defendant's involvement in that robbery—providing his car to another individual in the same violent robbery crew—should be considered as relevant conduct by the Court.

legitimate purposes of sentencing, as set forth below, see id. § 3553(a)(2); (3) "the kinds of sentences available," id. § 3553(a)(3); (4) the Guidelines range itself, see id. § 3553(a)(4); (5) any relevant policy statement by the Sentencing Commission, see id. § 3553(a)(5); (6) "the need to avoid unwarranted sentence disparities among defendants," id. § 3553(a)(6); and (7) "the need to provide restitution to any victims," id. § 3553(a)(7).  See Gall, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### B. A Guidelines Sentence is Appropriate

The Government respectfully submits that an application of the factors set forth in 18 U.S.C. § 3553(a) to this case weigh in favor of a sentence within the applicable Guidelines range in order to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and to afford adequate deterrence to criminal conduct.  The defendant was a key member of a violent robbery crew that targeted crowded stores during daylight hours, and carefully planned and executed violent robberies using weapons to accomplish their objectives.

**First,** a Guidelines sentence is appropriate to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.  18 U.S.C. § 3553(a)(2).  The crime is a serious one, and involved the use of force and intimidation.  Williams and his co-conspirators entered jewelry stores during business hours, including two stores that

are located in crowded casinos. They carried concealed weapons—their hammers—and used those weapons to smash the glass display cases. They grabbed as many watches as they were able to, and then fled from the stores. The conduct of Williams and the other robbers carried with it the substantial possibility that a store employee or customer would be seriously injured with a hammer or shattered glass, by one of the robbers, or by a store security guard.

Indeed, two of the robberies involved such conduct. As described above, during the robbery of a jewelry store located in Richmond, Virginia—a robbery that Williams participated in—one of the robbers used a stun gun to knock out a store employee. This victim was not resisting the robbery, and the use of a weapon to knock her was both unnecessary and demonstrative of a callous indifference to her safety. In the January 19, 2014 robbery in Cranford, New Jersey, for which Williams loaned his car to a co-conspirator, one of the store employees fired a gun at the robbers in order to stop the robbery. Both of these robberies make clear the serious harm that can occur—and, in Richmond, that did occur—when individuals commit violent robberies in the middle of the day in crowded stores.

**Second,** a Guidelines sentence is necessary to adequately deter criminal conduct. 18 U.S.C. § 3553(a)(2). The defendant has a prior conviction for murder and robbery, for which he served nineteen years in prison and was paroled in January 2013. (PSR ¶ 95). Only seven months later, the defendant committed the first of the charged robberies in this case. It is clear that the previous nineteen-year sentence did not deter the defendant, which is yet another reason why a substantial term of imprisonment is required to provide specific deterrence.

## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence within the applicable Guidelines range of 108 to 135 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Dated: New York, New York
March 16, 2015

                                        Respectfully submitted,

                                        PREET BHARARA
                                        United States Attorney

                              By: /s/ Richard Cooper
                                        Richard A. Cooper
                                        Assistant United States Attorney
                                        Tel.: (212) 637-1027