UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X
   UNITED STATES OF AMERICA

               - v. -

   KENDAL THOMPSON,

               Defendant.

------------------------------------------------------------------------------------X

S3 14 Cr. 130 (LAP)

## SENTENCING SUBMISSION

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Richard A. Cooper
Andrea M. Griswold
Assistant United States Attorneys
- Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
                                                                              :
   UNITED STATES OF AMERICA                                                   :
                                                                              :
              - v. -                                                          :
                                                                              :         S3 14 Cr. 130 (LAP)
   KENDAL THOMPSON,                                                           :
                                                                              :
                     Defendant.                                               :
                                                                              :
------------------------------------------------------------------------------X

## THE GOVERNMENT'S SENTENCING SUBMISSION

Kendal Thompson (the "defendant," or "Thompson") is scheduled to be sentenced in this matter on September 2, 2015, at 10:00 a.m.  The Government respectfully submits this memorandum in advance of the sentencing and in response to the defendant's memorandum, dated August 27, 2015 ("Def. Mem.").  For the reasons explained below, the Government respectfully submits that a sentence of imprisonment within the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range of 108 to 135 months would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.

**A.     Factual Background**

As described in the Presentence Investigation Report, dated August 13, 2015 ("PSR"), the defendant was a member of an eleven-member armed robbery crew that targeted jewelry stores up and down the East Coast of the United States and used violence, force, and intimidation to rob jewelry stores.

The defendant participated in the September 23, 2013 robbery of a jewelry store located in Brooklyn, New York.  That robbery was undoubtedly the most violent robbery of this conspiracy.  During the course of the robbery, the defendant and two others entered the jewelry store during daylight hours.  After the three robbers entered the store, the defendant's two

1

accomplices immediately brandished guns.  While one robber then used his firearm to pistol-whip the store owner, the defendant and another robbery jumped over the counter and began taking jewelry from display cases.  When the store owner's son heard the commotion and entered the store, one of the robbers fired his gun at the son, fortunately missing him and hitting the wall.  After the robbers fled the store, one of the robbers shot the store owner in the leg as the owner and his son were attempting to fight back and stop the robbers.  The defendant was a full participant in this robbery; he jumped on top of the display cases while the store owner was being subdued at gunpoint, grabbed jewelry from the display cases (and secreted a stolen ring in his shoe), and fled with the others.

**B.**     **Procedural History and Guidelines Range**

On April 23, 2014, a superseding indictment was filed, charging Thompson with conspiracy to commit Hobbs Act robbery, and with brandishing a firearm, or aiding and abetting the brandishing of a firearm, in furtherance of a Hobbs Act robbery conspiracy.  On May 14, 2015, Thompson pled guilty before your Honor, to Count One of Indictment S3 14 Cr. 130 (LAP), which charged him with conspiracy to commit Hobbs Act robbery.

**C.**     **The Presentence Investigation Report and Guidelines Sentence Recommendation**

The Government has reviewed the PSR submitted by the United States Probation Department ("Probation") and has no objections.

As part of his plea agreement, Thompson agreed to a stipulated Guidelines range of 108 to 135 months' imprisonment, and agreed not to seek a sentence outside of that Guidelines range.  The defendant's Guidelines range reflected, among other things: (1) an enhancement of seven offense levels because a firearm was discharged during the commission of the September 23, 2013 robbery; and (2) an enhancement of five offense levels because a victim sustained more than serious bodily injury but less than permanent or life-threatening bodily injury during the

commission of the offense.  The defendant is in Criminal History Category III as a result of four prior criminal convictions.

## DISCUSSION

**A.     Applicable Law**

The United States Sentencing Guidelines still provide strong guidance to the Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).  As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark."  Gall v. United States, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (2) the four legitimate purposes of sentencing, as set forth below, see id. § 3553(a)(2); (3) "the kinds of sentences available," id. § 3553(a)(3); (4) the Guidelines range itself, see id. § 3553(a)(4); (5) any relevant policy statement by the Sentencing Commission, see id. § 3553(a)(5); (6) "the need to avoid unwarranted sentence disparities among defendants," id. § 3553(a)(6); and (7) "the need to provide restitution to any victims," id. § 3553(a)(7).  See Gall, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B)   to afford adequate deterrence to criminal conduct;
> (C)   to protect the public from further crimes of the defendant; and
> (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

**B.     A Guidelines Sentence is Appropriate**

The Government respectfully submits that an application of the factors set forth in 18 U.S.C. § 3553(a) to this case weigh in favor of a sentence within the applicable Guidelines range in order to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and to afford adequate deterrence to criminal conduct.

**First**, a Guidelines sentence is appropriate to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.  18 U.S.C. § 3553(a)(2).  That the conduct was both serious and dangerous cannot seriously be disputed.  The robbery the defendant participated in was exceptionally violent, and involved pistol-whipping and the discharge of firearms, including the shooting of the store owner to facilitate the robbers' escape.  The PSR reflects the extraordinary impact this robbery had on its victims, one of whom sustained serious bodily injury and was unable to work for approximately nine months.  PSR ¶ 46.  The robbery, which led the store owner and his family to close the store they had owned for ten years, continues to inflict emotional distress on the family even now, nearly two years after the robbery occurred.

In light of the facts surrounding the defendant's participation in this robbery, the claims in the defendant's sentencing submission that he believed he was going to the jewelry store "to use fake or stolen credit cards to buy merchandise," and he "did not see either [of his accomplices] with a gun or a hammer" before the robbery, Def. Mem. at 7, ring hollow.  The defendant's actions once the robbery began, including jumping on top of display cases, grabbing jewelry, secreting a ring inside his shoe, and fleeing with his accomplices, are the actions of someone who was operating according to a common plan and was not concerned when his co-conspirators produced and began using firearms.

4

**Second,** a substantial sentence is necessary to afford adequate deterrence and to protect the public from future crimes of this defendant. *See* 18 U.S.C. § 3553(a)(2)(B)-(C). The defendant has four prior convictions, including a conviction for a narcotics possession offense where the defendant, with others, was in possession of a loaded firearm. In connection with these prior convictions, sentencing courts have given breaks to the defendant, largely sentencing him to probation. It is clear that his prior contacts with the criminal justice system have not deterred him from continuing to engage in criminal conduct.

**Third**, with respect to general deterrence, sending a strong message to those willing to engage in dangerous daytime robberies of commercial establishments that the penalties, if caught, will be substantial is an important and legitimate goal of sentencing and weighs strongly in favor of a Guidelines sentence in this case.

**Finally**, the defendant points to the sentences of two co-conspirators, Allen Williams and Terrell Ratliff, who have been sentenced on the instant indictment. To date, four defendants have been sentenced for their participation in this conspiracy, and all have received sentences within the applicable Guidelines ranges:

- On October 23, 2014, Terrell Ratliff was sentenced by the Honorable Robert P. Patterson to a sentence of 33 months' imprisonment. Ratliff participated in one robbery in this conspiracy, and had a Criminal History Category of I.
- On March 18, 2015, Allen Williams was sentenced by Your Honor to a sentence of 108 months' imprisonment. Williams participated in four robberies in this conspiracy, and had a Criminal History Category of III.

- On August 10, 2015, Sean Robinson was sentenced by Your Honor to a sentence of 240 months' imprisonment. Robinson was the leader of the conspiracy, organized six robberies, and had a Criminal History Category of III.

- On August 14, 2015, Ryan Campbell was sentenced by the Honorable Shira A. Scheindlin to a sentence of 70 months' imprisonment. Campbell participated in one robbery in this conspiracy, and had a Criminal History Category of VI.

Notably, none of the other robberies in this conspiracy involved the type of violent force that was employed in the September 23, 2013 robbery in which the defendant participated. The Guidelines range applicable to the defendant – 108 to 135 months – reflects the differences between the September 23, 2013 robbery and all the other robberies in this conspiracy. Accordingly, a Guidelines sentence for the defendant would not create an <u>unwarranted</u> sentence disparity among the defendants. <u>See</u> 18 U.S.C. § 3553(a)(6).

## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence within the Guidelines range of 108 to 135 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Dated: New York, New York
September 1, 2015

                Respectfully submitted,

                PREET BHARARA
                United States Attorney

By:  /s/ Richard A. Cooper
      Richard A. Cooper
      Andrea M. Griswold
      Assistant United States Attorneys
      Tel.: (212) 637-1027/1205